IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SCOTT JEFFREY MELNICK,

        Plaintiff,

   v.                                           CIVIL ACTION
                                                      NO. 14-3084

YOUNG'S CLEANERS,

        Defendant.

## MEMORANDUM

**SCHMEHL, J.**   /s/ JLS                                                               January  28, 2015

       On May 29, 2014, Plaintiff Scott Jeffrey Melnick filed a *pro se* complaint against Defendant Young's Cleaners, followed by a United States Postal Service receipt showing the mailing of something that I assume to be the Complaint to Young's Cleaners on October 23, 2014.[1] As discussed below, consideration of Plaintiff's Complaint warrants dismissal of this action with prejudice.

       The Court has a duty to consider subject matter jurisdiction *sua sponte* at all stages of litigation. Yellowbird Bus Co. v. Lexington Ins. Co., 450 F. App'x 213, 216 (3d Cir. 2011). The complaint in this matter appears to indicate that both Plaintiff and Defendant are citizens of Pennsylvania, so there is no diversity jurisdiction. See 28 U.S.C.A. § 1332. The complaint alleges federal question jurisdiction on the basis of "Embezzlement, Theft of Service, Conspiracy[, and] Consumer Fraud." The Court perceives no federal question in this matter.

---

[1] The record in this matter does not indicate that the Complaint has been properly served on Defendant, which could provide an independent basis for dismissal. Given the other bases for dismissal discussed in this opinion, however, the Court will not go through the process of notifying Plaintiff of the intent to dismiss for lack of service.

"A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'" DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The DeGrazia court further described the plaintiff's claims as warranting dismissal because "they rel[ied] on fantastic scenarios lacking any arguable factual basis." Id. With the most generous reading, Melnick's Complaint appears to describe some agreement between Plaintiff and others (perhaps employees of Defendant, but it is unclear from the Complaint) under which Defendant was to be "leasing a lottery terminal" and Plaintiff allegedly told "two young girls there" "how to win the 12/23/11, $173M megamillions and $128.8M, 12/24/11 Powerball lottery that someone won." See Compl, p.3A. Though little is clear about the allegations, their fantastical nature is made clearer by Plaintiff's reference that "as a spy, I was to hire of Young's pupil to find of whether such deeds could be done," and that he "thought our estimations perfect. They were to have won three to five jackpot lottery in like two months," and the allegation that he "tried to get these people interested in Young's and my contract basis and the show must go on." See Compl., pp. 3A and 3B. These frivolous and fantastical allegations also make clearer the lack of a basis for this Court to exercise jurisdiction.

Dismissal is also appropriate based on noncompliance with Federal Rule of Civil Procedure 8, which requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and allegations to be "simple, concise, and

direct." See also Scibelli v. Lebanon Cnty., 219 F. App'x 221, 222 (3d Cir. 2007). The complaint in this matter contains numerous instances of nonsensical phrasing and references to people and events whose relation to the claim the Court can only surmise. (e.g., "On 12-13-11, I met Julie of Young's and she was interested in the ideas of our having a 'date.' There was speculation about our winning lottery as we continued business affairs." "We had a third date on 1-14-12 because Mandy's Bar Louie was calling." "Was it Young's who picked up Anthony at Bar Louie? Cindy was there. They were to help manage our claims.")

Further, it is appropriate that dismissal on these various bases be with prejudice. The apparent crux of the complaint is an unbelievable and meritless claim of a contract to profit from Plaintiff's alleged ability to pick winning lottery numbers, with no conceivable jurisdictional link; no amendment can cure that deficiency.

Because Plaintiff's Complaint provides no basis upon which this Court can exercise subject matter jurisdiction, and because the jurisdictional deficiencies are incapable of being cured by way of further amendment, dismissal of the complaint is appropriate. Accordingly, Plaintiff's Complaint is dismissed with prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

An appropriate order follows.